IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON RUSSELL EVERLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:12cv42 |
| v. | ) | |
| | ) | |
| EXECUTIVE ALLEGHENY COUNTY, | ) | |
| ONORATO/FITZGERALD, STEVEN | ) | |
| ZAPPALA, JR., Allegheny County | ) | |
| District Attorney, MAJOR THOMAS, | ) | |
| Court House Security, SHERIFF | ) | |
| WILLIAM MULLEN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Damon Russell Everly ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking relief for defendants' alleged violations of his constitutional rights. The "complaint" consists of various disjointed phrases and unintelligible, run-on sentences that contain passing references to "due process," "equal justice," and various "amendments." Typical of plaintiff's averments are the following:

> … I Request, of the Honorable all's is authority the Third Circuit of United States Courts, Western District Serve – Issue, of citation, to the Allegheny County operations Executive of Command, and its administration from such actions, as acts has prior, proceded [sic] forth without Due process, of Equal Justice is granted all citizens of any, or one state under the article III, Section I and II as the fourteenth established allows to one's IV amendment.  Due process VI order:  to cease and Desist, all has gone of unwarranted cause unjustful Intentions and, to the Honorable of the Third Circuit Judges in authority to ordain; I Damon Russell Everly. Be order of the Devine United States of Courts, grant me Equal justice of passage, in all I warrant is cause Just. …

(Complaint at pp. 1-2, Doc. No. 1-1.)

As best as this Court can discern, plaintiff seems to be complaining that he has suffered

1

"vast injurys [sic] of person [sic] character" by not being permitted to move freely about in the Allegheny County courthouse. (Complaint at p. 4.) Plaintiff complaints that "all rights of freedom in passage to enter or as depart, the Public County Allegheny Courthouse of such, each time I present my person I am, retained, stopped, or held to servitude." (Id.) It does not appear that plaintiff is being denied access altogether but is, rather, being "escort[ed] to all, or any places, within the public courts of common pleas." (Id.) He appears to be requesting that this Court issue a "citation" and/or some form of "cease and desist order" against the defendants for their allegedly unlawful actions. (Id. at pp. 1, 3.)

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. See Roman v. Jeffes, 904 F.2d 192, 194 n. 1 (3d Cir.1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under [§1915(e)(2)[1]] to determine whether it is frivolous." Id. (citing Sinwell v. Shapp, 536 F.2d 15 (3d Cir.1976)); Schneller v. Abel Home Care, Inc., 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds the plaintiff to be without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: 1) is based upon an indisputably

---

[1] This provision formerly was codified as 28 U.S.C. §1915(d).

meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a claim under §1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 93d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Here, a review of plaintiff's "complaint" reveals that it (1) fails even to identify, much less properly state, a legal theory upon which relief can be granted and (2) is based upon stream of consciousness ramblings which are essentially unintelligible or, at best, fanciful and/or conclusory allegations of wrongdoing. Construing the complaint most liberally in plaintiff's favor, the Court assumes that plaintiff is attempting to state a claim under 42 U.S.C. §1983 for the violation of his federal constitutional rights. Although the "complaint" references plaintiff's "due process" rights, it fails to allege facts that could plausibly support a finding that those rights were violated. See Lear v. Zanic, 524 F. App'x 797, 801-02 (3d Cir. 2013) ("[I]n order to state a claim for substantive due process, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.'") (quoting Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)); Barr v. County of Clarion, 417 F. App'x 178, 180-81 (3d Cir. 2011) ("To properly

3

state a claim under 42 U.S.C. §1983 for a violation of the Fourteenth Amendment's [procedural] Due Process Clause, a plaintiff must, among other things, establish that the defendant 'subjected the plaintiff, or caused the plaintiff to be subjected to' the deprivation of a protected liberty interest without due process.") (quoting Sample v. Diecks, 885 F.2d 1099, 1113 (3d Cir. 1989)).

In addition, while citizens also have a right of access to the courts under the First Amendment, plaintiff has not alleged facts that could plausibly establish a deprivation of that right. To state a claim for a violation of his/her right to access the courts, a plaintiff must "allege actual injury, such as the loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). Here, plaintiff has not alleged an inability to litigate a legal claim or any other actual "injury" by virtue of the fact that he was escorted throughout the courthouse or subjected to security measures. To the extent plaintiff claims that he was "held to servitude" by virtue of the court's security measures, his allegations are fanciful. The remainder of plaintiff's "complaint" consists of little more than recitations of legal phrases and conclusory allegations of wrongdoing. However, the Supreme Court has admonished that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions ...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986))(alteration in the original).

In sum, plaintiff's "complaint" is devoid of factual content that could serve as a predicate for any plausible constitutional violation and, accordingly, it fails to state a viable claim under §1983. No other causes of action have been identified in plaintiff's pleading, nor can any right of action within this Court's limited jurisdiction be inferred from the "complaint." Because the pleading is also devoid of any content to suggest that further amendment would cure these

deficiencies, the "complaint" will be dismissed with prejudice. An appropriate order will follow.

Date: February 12, 2015

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Damon Russell Everly
     720 Ridge Street
     McKeesport, PA 15132